**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118965

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

| | |
|---|---|
| Lubena Lorenzo, individually and on behalf all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| | JURY TRIAL DEMANDED |
| Professional Adjustment Corp. of S.W. FL., Inc., | |
| Defendant. | |

Lubena Lorenzo, individually and on behalf all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Adjustment Corp. of S.W. FL., Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of Florida.

## PARTIES

5.      Plaintiff Lubena Lorenzo is an individual who is a citizen of the State of Florida residing in Lee County, Florida.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Professional Adjustment Corp. of S.W. FL., Inc., is a Florida Corporation with a principal place of business in Lee County, Florida.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

Barshay
Sanders PLLC

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 2, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.     The Letter conveyed information regarding the alleged Debt.

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.     The Letter was received and read by Plaintiff.

25.     The amount of the alleged Debt was increasing due to fees, penalties and interest at the time it was assigned or otherwise transferred to Defendant for collection.

26.     The amount of the alleged Debt was increasing due to fees, penalties and interest at the time Defendant sent Plaintiff the Letter.

27.     The amount of the alleged Debt was increasing due to fees, penalties and interest at the time Plaintiff received the Letter.

28.     15 U.S.C. § 1692g protects Plaintiff's concrete interests.  Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector.  As set forth herein, Defendant deprived Plaintiff of this right.

29.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendant deprived Plaintiff of this right.

30.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

31.     Plaintiff repeats and realleges paragraphs 7, 13, 14, 17, 20 and 22 through 30 as if fully restated herein.

32.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing certain enumerated information.

33.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

34.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

35.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

36.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must convey without ambiguity, from the perspective of the least sophisticated consumer, the actual amount of the debt.

37.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must clearly convey, from the perspective of the least sophisticated consumer, that the amount of the debt may increase.

38.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, that the amount of the debt may increase.

39.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must convey without ambiguity, from the perspective of the least sophisticated consumer, that the amount of the debt may increase.

40.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the amount of the debt to increase.

41.     The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

42.     The Letter fails to advise Plaintiff that the amount of the alleged Debt was increasing due to fees, penalties and interest.

43.     As a result of such failure, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

44.    As a result of such failure, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

45.    As a result of such failure, Defendant did not convey without ambiguity, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

46.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.


**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

47.    Plaintiff repeats and realleges paragraphs 7, 13, 14, 17, 20, 22 through 30, and 42 as if fully restated herein.

48.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

50.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

52.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

53.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

54.    A statement of an amount due, without notice that the amount may increase, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account.

55.     For this reason, 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase.

56.     The failure to provide the aforementioned disclosure makes the collection letter deceptive under 15 U.S.C. § 1692e.

57.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

58.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida.

59.     Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter where the Letter failed to advise the consumer that the amount of debt was increasing, which letter was sent on or after a date one year prior to the filing of this action to the present.

60.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

61.     The Class consists of more than thirty-five persons.

62.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

64.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because

6

Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **JURY DEMAND**

65.     Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

        a.  Certifying this action as a class action; and

        b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

        c.  Finding Defendant's actions violate the FDCPA; and

        d.  Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

        e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

        f.  Granting Plaintiff's costs; all together with

        g.  Such other relief that the Court determines is just and proper.

DATED: February 25, 2020

           **BARSHAY SANDERS, PLLC**

           By:  _/s/ *Craig B. Sanders*
           Craig B. Sanders, Esquire
           100 Garden City Plaza, Suite 500
           Garden City, New York 11530
           Tel: (516) 203-7600
           Fax: (516) 706-5055
           csanders@barshaysanders.com
           *Attorneys for Plaintiff*
           Our File No.: 118965